IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **IBEW-NECA SOUTHWESTERN HEALTH AND BENEFIT FUND**, and its Trustees, § § § | |
| Plaintiff, § | |
| v. § | Civil Action No. 3:09-CV-1884-L |
| § | |
| **QUALIFIED ELECTRICAL CONTRACTORS, LLC**, § § § | |
| Defendant. § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff's Motion for Final Judgment, filed December 9, 2009. After consideration of the motion, appendix, record, and applicable law, the court hereby **grants** Plaintiff's Motion for Final Judgment.

**I.    Background**

Plaintiff IBEW-NECA Southwestern Health and Benefit Fund ("Plaintiff" or the "Plan") is an employee welfare benefit plan and employee benefit plan within the meaning of 29 U.S.C. Sections 1002(1), 1002(3), and 1132(d)(1) and is a multiemployer plan within the meaning of 29 U.S.C. Sections 1002(37) and 1145. Plaintiff is authorized to maintain suit as an independent legal entity under 29 U.S.C. Section 1132(d)(1). Defendant Qualified Electrical Contractors, LLC ("Defendant") is an employer within the contemplation of 29 U.S.C. Sections 1002(5) and 1145. The Plan is governed by a Trust Fund Agreement that Defendant presumably breached by failing to make periodic contributions pursuant to the terms of the agreement. Plaintiff seeks recovery from Defendant as provided by the Trust Fund Agreement and 29 U.S.C. Sections 1145 and

1132(g)(2)(E).  The action was filed in this court on October 6, 2009, requesting relief on the amount owed by Defendant under the Plan.

Defendant was properly served on October 20, 2009, and to date has not filed an answer to Plaintiff's complaint or otherwise defended in this lawsuit.  Plaintiff requested the clerk to issue entry of default on December 9, 2009, and default was entered the same day.  Plaintiff now requests entry of final judgment against Defendant to enforce the payment of liquidated damages, interest, and shortage pursuant to the Trust Fund Agreement; Plaintiff further requests judgment for reasonable attorney's fees and costs.

**II.	Analysis**

The court finds that because Defendant has neither filed an answer to Plaintiff's complaint nor otherwise defended in this lawsuit, and because Defendant is not an infant, an incompetent or in the military, Plaintiff is entitled to judgment against Defendant.  The court therefore accepts as true the well-pleaded allegations stated by Plaintiff in its complaint, the facts in Plaintiff's Motion for Final Judgment, and those set forth in the appendix accompanying the motion.

**A.	Damages**

"A default judgment is a judgment on the merits that conclusively establishes the defendant's liability.  But it does not establish the amount of damages."  *See United States v. Shipco Gen.*, 814 F.2d 1011, 1014 (5th Cir. 1987) (citing *TWA v. Hughes*, 449 F.2d 51, 70 (2nd Cir. 1971)), *rev'd on other grounds*, 409 U.S. 363 (1973); *G. & C. Merriam Co. v. Webster Dictionary Co.*, 639 F.2d 29, 34 (1st Cir. 1980)).  Plaintiffs ask the court to award $1,766.89 in total damages, including liquidated damages, interest, and a shortage for Defendant's delinquency, set forth in the complaint.

The court determines that these damages are ascertainable from the complaint, Plaintiff's motion, and the appendix attached thereto. Accordingly, Plaintiff is entitled to the $1,766.89 amount.

### B.     Costs and Attorney's Fees

Plaintiff also seeks costs and reasonable attorney's fees totaling $2,700. This $2,700 amount includes $1,200 for legal services rendered up through trial before the court and a $1,500 approximation of postjudgment collection efforts. In support, Plaintiff submits—as part of the motion's appendix—the declaration of its attorney, Tom D. Matthews, Jr. The declaration details the billing method of Mr. Matthews's law firm, Matthews, Stein, Shiels, Pearce, Knott, Eden & Davis, L.L.P., and establishes that $1,200 is a reasonable amount typically charged in the business litigation field for the legal services provided in a case like Plaintiff's. He further declares that $1,500 is a reasonable amount and typical of postjudgment collection efforts. In cases such as this, "the court shall award the plan– reasonable attorney's fees and costs of the action, to be paid by the defendant." 29 U.S.C. § 1132(g)(2)(D).

Based upon the record before it, the court determines that Defendant has failed to make timely contributions to the Plan as required under the Trust Fund Agreement and 29 U.S.C. Section 1145. Having reviewed the declaration of Tom D. Matthews, Jr. against the backdrop of applicable law, the court determines that Plaintiff is entitled to costs and attorney's fees in the amount of $1,200. The court declines to award $1,500 for postjudgment collection expenses because such expenses are uncertain and have not yet been incurred. Plaintiff may file a motion later, upon having such services rendered, asking the court to grant such an a award. Accordingly, the court will award Plaintiff $1,200 in reasonable attorney's fees and determines that such rates for the legal and

**Memorandum Opinion and Order – Page 3**

paralegal services rendered in this case were reasonable and consistent with the rates charged for like professionals within the Dallas legal community.

### III.     Conclusion

For the reasons stated, the court **grants** Plaintiff's Motion for Final Judgment. Accordingly, the court hereby **orders** that default judgment be entered for Plaintiff in the amount of $1,766.89 plus postjudgment interest thereon at the applicable federal rate. Costs and attorney's fees in the amount of $1,200 are assessed against Defendant. In accordance with Rule 58 of the Federal Rules of Civil Procedure, a judgment will issue by separate document.

**It is so ordered** this 29th day of January, 2010.

Sam A. Lindsay
United States District Judge